JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

17-0-3396

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Julia Lonoconus

**DEFENDANTS**
Life Insurance Company of North America

**(b)** County of Residence of First Listed Plaintiff   Worcester County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Frankel & Newfield, PC
585 Stewart Avenue, Suite 312
Garden City, NY 11530   516-222-1600

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☒ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. §1001 et. seq.  (ERISA)
Brief description of cause:
Failure to pay disability benefits

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____   DOCKET NUMBER _____

DATE: 07/28/2017
SIGNATURE OF ATTORNEY OF RECORD: /s/

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

JUL 31 2017

UNITED STATES DISTRICT COURT

17  3396

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 237 Teal Circle, Berlin, MD 21811

Address of Defendant: Two Liberty Place, 1601 Chestnut Street, Philadelphia, PA 19192

Place of Accident, Incident or Transaction: Pittsburgh, PA 15342
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes ☒  No ☐

Does this case involve multidistrict litigation possibilities?    Yes ☐  No ☒

RELATED CASE, IF ANY:
Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐  No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☐  No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes ☐  No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes ☐  No ☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) 29 U.S.C. §1001 et. seq. (ERISA)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Jason A. Newfield, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: July 28, 2017    _____    JAN5529
                        Attorney-at-Law              Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: July 28, 2017    _____    JAN5529
                        Attorney-at-Law              Attorney I.D.#

CIV. 609 (5/2012)

JUL 31 2017



# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Julia Lonoconus | : | CIVIL ACTION |
| v. | : | |
| Life Insurance Company of North America | : | NO. 17  3396 |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

| July 28, 2017 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 516-222-1600 | 516-222-0513 | jan@frankelnewfield.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

JUL 31 2017

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

---

JULIA LONOCONUS,

            Plaintiff,

  - against -　　　　　　　　　　　　　**ECF CASE**

LIFE INSURANCE COMPANY OF
NORTH AMERICA,　　　　　　　　　　　**COMPLAINT**

            Defendant.

---

Plaintiff, Julia Lonoconus, by and through her attorneys, FRANKEL & NEWFIELD, P.C., as and for her Complaint against Defendant LIFE INSURANCE COMPANY OF NORTH AMERICA ("LINA"), hereby sets forth the following:

### THE PARTIES

1. At all times hereinafter mentioned, Plaintiff Julia Lonoconus was and still is a resident of the State of Maryland.

2. Upon information and belief, at all times hereinafter mentioned, Defendant LIFE INSURANCE COMPANY OF NORTH AMERICA is a Pennsylvania corporation, and a subsidiary of CIGNA, with its principal place of business at Two Liberty Place, 1601 Chestnut Street, Philadelphia, Pennsylvania. Defendant LINA is therefore a citizen of the State of Pennsylvania, pursuant to 28 U.S.C. § 1332(c)(1).

## JURISDICTION AND VENUE

3. Jurisdiction of the Court is based upon 29 U.S.C. §§ 1132(e)(1) and 1132(f), which give the District Courts jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee welfare benefit plan. Jurisdiction is also founded on 28 U.S.C. §1331 because this action arises under 29 U.S.C. §1001 et. seq. (Employee Retirement Income Security Act of 1974, hereinafter "ERISA").

4. Venue in the Eastern District of Pennsylvania is appropriate because Defendant conducts business and is subject to personal jurisdiction in this judicial district and maintains contacts in this judicial district sufficient to subject it to personal jurisdiction.

5. Pursuant to 28 U.S.C. §1391(a)(1) and §1391(c), this action is properly venued in the Eastern District of Pennsylvania.

## FACTS

6. At all relevant times hereinafter mentioned, Plaintiff was an employee of PPL Services Corporation ("PPL"), employed as a Security Shift Supervisor.

7. During Plaintiff's employment with PPL, LINA issued Group Long Term Disability policy number LK0030562 to PPL (the "Policy").

8. At all times hereinafter mentioned, said disability policy of insurance was issued for the benefit of certain eligible PPL employees in exchange for the payment of premiums by PPL and/or the employees.

9. At all times mentioned herein, Plaintiff was an employee eligible for disability benefits and an insured under the Policy issued by LINA.

10. On or about November 22, 2013, during the period within which said Policy was in full force and effect, and while Plaintiff was an eligible employee, Plaintiff became disabled within the meaning and pursuant to the terms of said disability policy.

11. As of this date, Plaintiff continues to be disabled in that she is unable to perform all of the essential duties of her regular occupation due to her sickness or injury.

12. Plaintiff's disability is caused by herniated discs, degenerative disc disease, arthritis, fibromyalgia, chronic fatigue, plantar fasciitis, and chronic pain and the resulting restrictions and limitations in functionality sustained by Plaintiff from these conditions.

13. Plaintiff filed a timely claim, cooperated with Defendant LINA in all respects, provided proper proof of loss in support of his claim, and otherwise complied with the policy terms and conditions regarding the filing and maintenance of a claim.

14. Pursuant to the policy, Defendant LINA was obligated to commence the periodic payment of monthly long-term disability benefits to Plaintiff following the expiration of her elimination period.

15. Defendant LINA initially accepted liability of the claim, and began paying benefits until such benefits were wrongfully terminated when Defendant LINA issued its adverse benefit determination to Plaintiff on or about July 25, 2016.

16. Plaintiff appealed Defendant LINA's denial of further long-term disability benefits on or about September 19, 2016, providing additional medical evidence and other information and support for her continued eligibility for benefits under the policy.

17. Defendant LINA upheld its termination of benefits on appeal on or about December 2, 2016.

18. Despite Plaintiff's continued total disability, Defendant LINA has denied all further disability insurance benefits as of July 25, 2016 and continues to refuse to pay benefits pursuant to the policy, although payment thereof has been duly demanded.

19. Defendant's refusal to pay further benefits is a willful and wrongful breach of the policy terms and conditions.

20. Monthly benefits to Plaintiff are continuing to be due and payable by Defendant with the passage of each month.

21. Defendant LINA is a conflicted decision maker because it has a financial interest in the outcome of Plaintiff's claim, and the payment of any such benefits comes at the financial expense of Defendant LINA.

22. Defendant LINA's structural conflict of interest pervaded its handling of Plaintiff's claim, resulting in a number of procedural irregularities in its claim handling, including but not limited to: the failure to consider the impact of Plaintiff's co-morbid conditions and limitations on her ability to perform all of the essential duties of her own occupation; the refusal to consider Plaintiff's credible subjective complaints upon her inability to work; the requirement to provide objective evidence of disability despite the Policy not containing such a requirement; the reliance upon a selective review of medical records to reach a result oriented claim determination; the failure to utilize appropriately qualified and unbiased medical personnel to reach decisions and/or render opinions on levels of impairment; the biased and flawed vocational consideration of Plaintiff's claim; the failure to perform a fair and neutral evaluation of Plaintiff's medical

conditions and associated restrictions and limitations; and other biased claim handling conduct.

23. Defendant LINA's claim handling resulted in numerous violations of 29 CFR § 2560.503-1, et seq.

24. The California Department of Insurance has investigated LINA's claim handling and issued a report that details how LINA has improperly denied claims. (Exhibit "A").

25. All findings against LINA apply equally to LINA as the employees, upon information and belief, of LINA handle all LINA claims.

26. The California Department of Insurance determined that LINA:

    a. Failed to adopt and implement reasonable standards for the prompt investigation and processing of claims arising under its insurance policies;

    b. Failed to effectuate prompt, fair and equitable settlements of claims in which liability had become reasonably clear;

    c. Failed to represent correctly to claimants, pertinent facts or insurance policy provisions relating to a coverage at issue;

    d. Compelled insureds to institute litigation to recover amounts under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by the insureds, when the insureds have made claims for amounts reasonably similar to amounts ultimately recovered;

    e. Attempted to settle a claim by making a settlement offer that was unreasonably low;

    f. Failed to include a statement in its claim denial that, if the claimant believes the claim has been wrongfully denied or rejected, he or she may have the matter reviewed by the appropriate State insurance agency/department.

28. Underlying these findings were the facts that LINA:

   a. Applied arbitrary deadlines for submission of proof of claim after the notice of claim had been denied. If the proof was not available or received within the designated period then the claim was denied and pushed to the appeal process;

   b. Failed to request medical records prior to making a claim determination;

   c. Failed to perform any functional testing or peer review of medical records on file while utilizing functional test results as the guidepost for medical information necessary to the entitlement to benefits;

   d. Failed to consult with a health care professional who had appropriate training and experience in the field of medicine involved in the medical judgment;

   e. Improperly utilized attending physician's statements to support its denial of disability while not clarifying with the attending physician why he/she was indicating continuing disability;

   f. Failed to perform a transferable skills analysis and labor market survey to identify alternate occupations appropriate to claimants under an "any occupation" policy;

   g. Ignored substantial information that was introduced after the claim denial;

   h. Failed to investigate the course and nature of a claimant's disabling condition as it related to the first date missed from work and the end of the waiting period;

   i. Assumed that alternate employers could make an accommodation for a claimant, but never provided any documentation to support its assertion;

   j. Denied claims based upon a "national economy" definition when it was supposed to evaluate a claimant's disability from his/her own occupation;

   k. Failed to consider the course and nature of an illness prior to denying benefits;

l. Ignored the medical assessments of its own medical health professionals, who determined that the claimants were disabled, and denied benefits;

m. Removed several disabling health conditions from a claimant's history on file prior to requesting an internal health care professional to review the claimant's file;

n. Ignored correspondence received after the initial denial that reasonably required a response;

o. Failed to clarify a claimant's restrictions and limitations with the attending physician who was indicating the claimant was disabled; and

p. Failed to provide complete information in the file to the health care expert performing a peer review of the medical file.

29. The California Department of Insurance conducted a follow up examination regarding the market conduct examination of LINA of June 20, 2006 and issued a report that details how LINA has continued to improperly deny claims. (Exhibit "B")

30. This follow up examination determined that LINA:

a. Failed to utilize the proper medical specialist to review and opine on the claimants' medical records;

b. Failed to perform an FCE, an IME, or cognitive testing when the claimant's restrictions and limitations were not clear;

c. Failed to obtain complete job descriptions and transferable skills analysis;

d. Obtain or consider all medical records relating to the claimant's disability;

e. Obtain or consider complete records relating to an award of workers compensation benefits;

f. Obtain or consider complete social security disability income records relating to an award of benefits;

7

      g. Determine an appropriate estimate state disability income offsets and verify the actual benefits received in a time manner and instead applied the maximum state disability income offset;

      h. Failed to address correspondence.

31. In 2013, Defendant agreed to a regulatory settlement, wherein it agreed to take certain corrective actions, all related to the Market Conduct Survey which had been conducted. (Exhibit "C")

32. Defendant's conduct in this case shares many of the same concerns from the insurance department market conduct examination and the issues involved with the Regulatory Settlement Agreement.

33. Defendant LINA's claim handling demonstrates a bias against Plaintiff's claim due to its impact on Defendant LINA's financial situation and frustrated Plaintiff from receiving a full and fair review of her claim.

34. Defendant LINA has a history of biased claim administration of ERISA disability claims, and has undertaken no efforts to ensure that its claim handling is not influenced by its financial conflict of interest.

35. Defendant is held to "higher than marketplace" standards of quality, as espoused in Met Life v. Glenn, 128 S.Ct. 2343 (2008).

36. Defendant was required to discharge its duties "solely in the interests of the participants and beneficiaries of the plan."

37. Defendant violated the higher than marketplace standards of quality in its handling of Plaintiff's claim.